141 N.J. Super. 518 (1976)
358 A.2d 847
STATE OF NEW JERSEY, PLAINTIFF,
v.
LEE MORGENSTEIN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 7, 1976.
*520 Mr. Donald R. Conway, attorney for defendant (Mr. Robert J. Cohan on the brief).
Mr. Joseph C. Woodcock, Bergen County Prosecutor, attorney for plaintiff (Mr. Ronald Schwartz, Assistant Prosecutor, of counsel).
*521 Mr. Vincent P. Rigolosi, Bergen County Counsel, for Bergen County (Mr. John Langan, Assistant County Counsel, of counsel; Mr. Dean F. Lynch, Assistant County Counsel, on the brief and of counsel).
MALECH, J.S.C.
Defendant was convicted of first degree murder (N.J.S.A. 2A:113-2). The conviction arises from a fatal shooting that occurred on July 8, 1975. At the time of the homicide defendant was 17 years of age. He is now 18 years of age. Trial of the case was with a jury in the Law Division, the case having been transferred from the Juvenile Court.
Defendant's sole contention is that the county should assume the costs of procuring the trial transcript for purposes of defendant's new trial motion and appeal. During the period between indictment and conviction, defendant attained the age of 18. It is maintained by petitioner that he is now an adult and that he has insufficient resources to procure the transcript.
At an indigency hearing on March 31, 1976 it was stipulated by the parties that private trial counsel was paid by defendant's parents, that defendant's parents are not indigent and are financially able to pay for the transcript, that the estimated cost of the trial transcript is $5,500, and that defendant's date of birth is December 2, 1976. Defendant testified that he has assets of approximately $1,300 consisting of a $200 savings account held jointly with his parents, $1,000 in bonds held jointly with his parents, and two shares of Tool Research stock valued at $100. Defendant had no other assets. Defendant's testimony is undisputed.
Defendant makes his application for the trial transcript pursuant to R. 2:5-3(d):
* * * If the appellant is indigent and is entitled to have a transcript of the proceedings below furnished without charge for use on appeal, on application either the trial or the appellate court may order the transcript prepared at public expense.
*522 N.J.S.A. 2A:152-17, a statute which is similar to R. 2:5-3(d), designates the county treasurer as the public agency to pay the transcript expense.
Any person convicted of any crime may make application under oath to any judge of the County Court or Law Division of the Superior Court of the county where the venue was laid showing that a copy of the transcript of the record, testimony and proceedings at the trial is necessary for the filing of any application with the trial court, and that he is unable, by reason of poverty, to defray the expense of procuring the same, and any such judge may, being satisfied of the facts stated and of the sufficiency thereof, certify the expense thereof to the county treasurer, who shall thereupon pay such expense, the amount thereof having been approved by the judge to whom such application was made. Where such person appeals to the Appellate Division of the Superior Court and copies of the transcript of the proceedings in the trial court are needed therefor he may make a similar application to such court which, being satisfied of the facts stated and the sufficiency thereof, may certify the expense and amount thereof to the county treasurer who shall thereupon pay such expense.
Where an appeal is a matter of right, due process and equal protection dictate that a trial transcript must be provided to the convicted indigent. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).
There is no doubt that defendant is indigent if his personal assets are considered without regard to the parents' assets. The significance is that defendant has attained 18 years of age. Except for $1,300, defendant has no funds to cover the $5,500 estimated cost of the transcript. Defendant argues that since he has reached the age of majority, only his assets should be considered in the determination of indigency. Furthermore, defendant argues that the conviction has effectively emancipated him. The county maintains that the assets of defendant's parents should be considered because (1) the conviction arises from an incident during defendant's minority and (2) the parents owe defendant a duty of support since defendant is not emancipated.
In dealing with questions of indigency this court is guided by the statutes dealing with the Public Defender, N.J.S.A. *523 2A:158A-1 et seq. Specifically, N.J.S.A. 2A:158A-25 is pertinent:
Whenever a person formally charged with an indictable offense, or coming within this act, is under the age of 21 years, the question of eligibility for services shall be measured not only in terms of financial circumstances of the individual, but also in terms of the financial circumstances of the individual's parents or legal guardians. The Office of the Public Defender shall be entitled to recover the cost of legal services from the parents or legal guardians of such persons to the same extent and in the same manner as is provided under P.L. 1967, chapter 43, and shall have authority to require parents or legal guardians of such to execute and deliver such written requests or authorization as may be requisite under applicable law in order to provide the office with access to records of public or private services, otherwise confidential, as may be of aid to it in evaluating eligibility.
By itself this statute would appear to govern the present issue, thereby allowing the court to consider the parents' financial circumstances in ruling on the question of indigency. It should be noted that this statute was last amended in 1968 to be effective May 8, 1969.
However, effective January 1, 1973, N.J.S.A. 9:17B-1 et seq. has changed the age of adult status from 21 years to 18 years for most purposes. This act is very comprehensive. N.J.S.A. 9:17B-1 provides:
The Legislature finds and declares and by this act intends, pending the revision and amendment of the many statutory provisions involved, to:
a. Extend to persons 18 years of age and older the basic civil and contractual rights and obligations heretofore applicable only to persons 21 years of age or older, including the right to contract, sue, be sued and defend civil actions, apply for and be appointed to public employment, apply for and be granted a license or authority to engage in a business or profession subject to State regulation, serve on juries, marry, adopt children, attend and participate in horse race meetings and parimutuel betting and other legalized games and gaming, sell, purchase and consume alcoholic beverages act as an incorporator, registered agent or director of a corporation, consent to medical and surgical treatment, execute a will, and to inherit, purchase, mortgage or otherwise encumber and convey real and personal property.

*524 b. Abolish the right of a person between the ages of 18 and 21 years to disaffirm and be relieved of contractual obligations by reason of age.
Similarly, N.J.S.A. 9:17B-3 reads in pertinent part:
* * * [E]very person 18 or more years of age shall in all other matters and for all other purposes be deemed to be an adult and, notwithstanding any other provision of law to the contrary, shall have the same legal capacity to act and the same powers and obligations as a person 21 or more years of age.
The issue narrows to whether N.J.S.A. 9:17B-1 et seq. supersedes N.J.S.A. 2A:158A-25 to the extent that they are inconsistent.
N.J.S.A. 9:17B-1 et seq. lacks the requisite specificity to be classified as an express repeal. N.J. State P.B.A. v. Morristown, 65 N.J. 160 (1974). Acts are just as effectively repealed by implication. However, repeals by implication are not favored, requiring a clear showing of legislative intent. Id. at 164; Brewer v. Porch, 53 N.J. 167, 173 (1969). The doctrine concerning repeals by implication is merely an aid in ascertaining legislative intent. State v. Hotel Bar Foods, Inc., 18 N.J. 115, 129 (1955).
The legislative intent in enacting N.J.S.A. 9:17B-1 et seq. can be found in the statute itself. The statute is introduced by a statement of legislative intent to change the age "pending the revision and amendment of the many statutory provisions involved." N.J.S.A. 9:17B-1.
It may be argued, however, that the Legislature, subsequent to the enactment of N.J.S.A. 9:17B-1 et seq., intentionally failed to amend N.J.S.A. 2A:158A-25 to reflect a change from 21 to 18 when it made amendments to other provisions of the Public Defender statutes in 1974. Specifically, the Legislature amended N.J.S.A. 2A:158A-24 and added N.J.S.A. 2A:158A-5.1 and 5.2. These changes amounted to an increase in the Public Defender's jurisdiction. Thus, it is contended that the Legislature did not intend, expressly or by implication, to change the age provision *525 of N.J.S.A. 2A:158A-25 by the enactment of N.J.S.A. 9:17B-1 et seq. Further, it is contended that N.J.S.A. 9:17B-1 et seq. is designed primarily to extend adult powers, obligations and legal capacity to the 18-year-old and is not designed to change or alter the parents' obligations to the 18-year-old.
In making the determination whether N.J.S.A. 2A:158A-25 is superseded by N.J.S.A. 9:17B-1 et seq. the court is bound by the determination made by our New Jersey Supreme Court. N.J. State P.B.A. v. Morristown, 65 N.J. 160 (1974), is controlling. There the Supreme Court, in an opinion by Justice Pashman, stated:
In changing the age of majority in New Jersey, the Legislature was cognizant of extensive reference to that age in the statutes. The enactment is introduced by a specific statement of legislative intent to change the age "pending the revision and amendment of the many statutory provisions involved." (Emphasis added). N.J.S.A. 9:17B-1. Furthermore, in N.J.S.A. 9:17B-3, the Legislature took note of inconsistent laws by providing that "every person 18 or more years of age shall in all other matters and for all other purposes be deemed to be an adult and, notwithstanding any other provision of law to the contrary, shall have the same legal capacity to act * * * as a person 21 years of age." [at 165, emphasis supplied]
The court finds a legislative intent that N.J.S.A. 2A:158A-25 be modified to reflect a change in age from 21 to 18.
The Sixth Amendment of the Constitution of the United States provides in part:
In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence.
This right to counsel is incorporated in the Fourteenth Amendment of the United States Constitution, Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and includes within its scope the right of a defendant to secure counsel of one's own choice.
*526 N.J. Const. (1947), Art. I, par. 10, also provides in pertinent part:
In all criminal prosecutions the accused shall have the right * * * to have the assistance of counsel in his defense.
An indigent defendant is, of course, guaranteed the right to have counsel in all criminal proceedings and indeed at every level of such proceedings. His appeal is a matter of right. This right of an indigent defendant to pursue an appeal of his conviction does not give to him the right to be represented by a lawyer of his own choice. The court is obligated to furnish an indigent defendant with a capable attorney, and the defendant must accept counsel furnished to him by the court.
In this case the defendant is eligible for the services of the Office of the Public Defender based upon his individual financial circumstances. He is indigent and 18 years of age. His parents are not indigent and have retained private counsel to represent the defendant. He has applied for a transcript of the trial for a new trial and appeal purposes.
The problem presented is novel.
It has been firmly held that an indigent, while entitled to counsel without charge to him, is not entitled to free counsel of his choice. He must accept counsel assigned to him by the court. The court is not required to appoint private counsel in lieu of the Public Defender. The Office of the Public Defender has been established since 1967. Its duties comprise all necessary services and facilities, including representation for appeal from conviction and maintenance of a trial pool of lawyers to serve on case basis as needed. Of course the Public Defender is authorized to order transcripts of trials and pay for them from its budget. Provision is made for reimbursement. N.J.S.A. 2A:158A-16 et seq.
Part payment of costs incurred by a defendant pursuant to N.J.S.A. 2A:158A-16 is confined to a situation *527 when defendant is represented by the Public Defender and has or reasonably expects to have means to meet some part, though not all, of the cost of services rendered to him. There is no provision in the Public Defender statutes, N.J.S.A. 2A:158A-1 et seq., for splitting of costs between the Public Defender and defendant (or parents) when defendant engages his own attorney at his parents' expense.
Our law in New Jersey is certain that in any case where a transcript is necessary for the taking of an appeal, an indigent defendant in a murder conviction has a right to have such transcript furnished without cost to him. State v. Welch, 46 N.J. 57 (1965). Is this right still personal to him when defendant's parents, who are financially able to defray the costs of hiring counsel and paying for the costs of the transcript of trial, decide only to defray the costs of counsel? Or does he waive this right to a transcript upon accepting private counsel in lieu of accepting the services of the Public Defender?
Defendant's parents are financially able to assume the burden of retaining private counsel and also pay the costs of a trial transcript. They have voluntarily undertaken the responsibility of providing private counsel who was accepted by defendant. Defendant thereby has waived his right to have the court appoint the Public Defender to represent him, and has further waived his right to insist that a transcript of the trial be furnished to him at public expense.
To find otherwise would be to open the door to defendants retaining private counsel (directly or indirectly), and then having costs of transcripts paid for at public expense. The Office of the Public Defender is open to those defendants who are in fact indigent.
Defendant's motion is denied.